```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                           NOT FOR PUBLICATION
-------------------------------------------------------------------x
SHAILESH RAMCHARAN,

                        Plaintiff,
                                                       MEMORANDUM AND ORDER
          -against-
                                                       13-CV-3842 (KAM)
THE CITY OF NEW YORK, and
NYC DEP'T OF CORRECTIONS,
"Individual Capacities,"

                        Defendants.
-------------------------------------------------------------------x
```

MATSUMOTO, United States District Judge:

Plaintiff *pro se* Shailesh Ramcharan, who is currently incarcerated at Rikers Island, filed this action pursuant to 42 U.S.C. § 1983 on July 3, 2013.[1] Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons that follow, however, the complaint is dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted, with leave to replead within 30 days.

## BACKGROUND

Plaintiff alleges that he was assaulted in the bathroom at 11 a.m. "on approximately April 20-27, 2013" by two other inmates. (Complaint at p. 4.) Plaintiff claims he was struck in the face, knocked to the floor, and consequently suffered injuries to his lower back and face, including a fractured jaw. (*Id.*) Plaintiff further alleges that "[n]o C.O.s were present to prevent this attack from happening" and that he received medical treatment 24 hours after the assault, which consisted of x-rays and Tylenol. (*Id.*)

Plaintiff names the City of New York and the New York City Department of Correction in their "individual capacities" as defendants and seeks $400,000 in damages. (Complaint.)

---

[1] Plaintiff's original Prisoner Authorization form permitting the withdrawal of funds from his prison trust account was not signed. He subsequently submitted a signed authorization form dated July 26, 2013, that was not properly docketed. (*See* ECF Entry # 4.)

## DISCUSSION

Under 28 U.S.C. § 1915A, when a prisoner files a civil action seeking redress from a governmental entity or from its officers or employees, a court must review the complaint to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Moreover, pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Plaintiff brings this case pursuant to 42 U.S.C. § 1983. Under Section 1983, a plaintiff must allege that the challenged conduct was "committed by a person acting under color of state law," and that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell,* 592 F.3d 121, 127 (2d Cir. 2010). A Section 1983 plaintiff seeking to recover money damages must also allege that the named defendant was personally involved in the wrongdoing. *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994).

Plaintiff's claims cannot be maintained against the named defendants. The New York

City Department of Correction is an agency of the City of New York, and the New York City Charter provides that suits "shall be brought in the name of the City of New York and not in that of any agency." N.Y. City Charter § 396; *see also Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007). Although the City of New York can be sued, a municipality can be held liable under Section 1983 only if a plaintiff can establish that a municipal policy or custom caused the deprivation of his or her constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Cash v. County. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011) ("[T]o establish municipal liability under § 1983, a plaintiff must prove that action pursuant to official municipal policy caused the alleged constitutional injury." (citation and internal quotation marks omitted), *cert. denied*, 132 S. Ct. 1741 (2012). A single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless a plaintiff can establish that it was caused by an existing, unconstitutional municipal policy. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985). "[L]ocal governments are responsible only for their *own* illegal acts. They are not vicariously liable under § 1983 for their employees' actions." *Connick v. Thompson*, – U.S. –, 131 S. Ct. 1350, 1359 (2011) (internal citations and quotation marks omitted). Because plaintiff has not alleged a policy or practice attributable to the City that could confer *Monell* liability, the claims against the City of New York and the Department of Correction are dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii).

   Plaintiff's allegations that the Department of Correction failed to protect him from another inmate's violent actions cannot sustain a Section 1983 action because merely negligent conduct causing unintended loss or injury to life, liberty or property is not sufficient to state a claim under the Due Process Clause or any other provision of federal law. *Daniels v. Williams*, 474 U.S. 327, 333 (1986) (due process protections are not triggered by lack of due care by state officials). The plaintiff "must allege actions or omissions sufficient to demonstrate deliberate indifference" and not merely negligence. *Hayes v. New York City Dep't of Corrections*, 84 F.3d 614, 620 (2d Cir.

3

1996) (citing *Morales v. New York State Dep't of Corrections*, 842 F.2d 27, 30 (2d Cir. 1988)). Thus, in order to implicate the due process clause of the Fourteenth Amendment for an assault by another inmate, a plaintiff must allege that a correctional officer was "deliberate[ly] indifferen[t] to the consequences of his conduct for those under his control and dependent upon him." *Morales*, 842 F.2d at 30. In this case, plaintiff has not suggested that correctional officers were aware of or indifferent to any risk of harm.

The deliberate indifference standard also applies to allegations of inadequate medical treatment under the Eighth or Fourteenth Amendments. Inadequate medical treatment may give rise to a constitutional deprivation where a prisoner alleges "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (establishing the standard applicable to treatment of convicted prisoners under the Eighth Amendment). *See Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996) (applying the same standard to pretrial detainees under the Fourteenth Amendment). In order to meet this standard, a plaintiff must show that he was "actually deprived of adequate medical care," and that "the inadequacy in medical care is sufficiently serious." *Salahuddin v. Goord*, 467 F.3d 263, 279-80 (2d Cir. 2006). Plaintiff indicated that he received medical treatment and diagnoses 24 hours after the attack, but he has not described subsequent treatment or inadequate medical care that would rise to the level of deliberate indifference.

In light of this Court's duty to liberally construe *pro se* complaints, plaintiff is given 30 days to file an amended complaint and name individual defendants who may be amenable to suit under Section 1983. *See Cuoco*, 222 F.3d at 112. Plaintiff must clearly identify and state the specific allegations against each named defendant. If plaintiff does not know the names or badge numbers of the correction officers who were on duty and who were deliberately indifferent, he may identify each of them as John Doe Correction Officer #1, or the like, along with any

description he can give or information about shift changes. The amended complaint must be captioned "Amended Complaint," and bear the same docket number as this Order. All further proceedings are stayed for 30 days.

## CONCLUSION

For the reasons set forth above, the above-captioned *in forma pauperis* complaint is dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii). All proceedings shall be stayed for 30 days. If plaintiff fails to replead within 30 days of the date of this Order as directed, the court will dismiss the complaint and judgment shall be entered. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is respectfully requested to serve a copy of this Memorandum and Order on the *pro se* plaintiff and note service on the docket.

**SO ORDERED.**

                                                                                      /s/
                                               KIYO A. MATSUMOTO
                                               United States District Judge

Dated: Brooklyn, New York
       March 10, 2014